|  |  |
|---|---|
| MARVIN KRONA, | CASE NO. C11-688MJP |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. |  |
| SCOTT FRAKES, |  |
| Defendant. |  |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

This matter comes before the Court on Petitioner Marvin Krona's Objections to Magistrate Judge Theiler's Report and Recommendation. Having reviewed the Objections (Dkt. No. 18), the Report and Recommendation (Dkt. No. 17), the state court record (Dkt. No. 16), and all related documents, the Court ADOPTS the Report and Recommendation, DENIES Petitioner's § 2254 habeas petition, and DISMISSES the matter with prejudice. The Court also DENIES the issuance of a certificate of appealability.

**Background**

In the present habeas petition, Petitioner Marvin Krona alleges that he faced multiple punishments for the same crime because the conduct underlying his felony convictions for

drunken driving served as the basis for imposing prior suspended sentences. (Dkt. No. 17 at 4.) Mr. Krona also argues that his sentences should be served concurrently, not consecutively. (Dkt. No. 18 at 2.)

**Discussion**

I. Double Jeopardy

Petitioner's first argument, that he was put twice in jeopardy for the same offense, fails as a matter of law. Mr. Krona alleges that he was "first accused of being guilty of violations 1-14 by Judge Castleberry on July 2nd 2008 and sentenced to 365 days . . . ." (Dkt. No. 18 at 1.) However, a review of the record shows that Petitioner was not "accused" and then "sentenced" on July 2, 2008, but instead that his prior suspended sentence was imposed after the Court determined that he had violated 14 conditions of his prior sentence. (Dkt. No. 18, Ex. A at 3-8.)

As Magistrate Judge Theiler explains, it is clearly established law that "returning a defendant to jail for violations of supervised release on one sentence is part of the punishment imposed for the original crime . . . and thus a separate prosecution for the violation is not barred by double jeopardy." (Dkt. No. 17 at 4, citing United States v. Soto-Olivas, 44 F.3d 788, 789 (9th Cir. 1995).) Petitioner did not face multiple punishments when his suspended sentence was imposed, because he was being punished for violating the terms of his January 2008 malicious mischief conviction, not for his later DUI convictions. (Dkt. No. 17 at 5.)

Petitioner's statement in his Objections that the state court judge who re-imposed his suspended sentence "admits to the double jeopardy issue" simply misstates the record. (Dkt. No. 18 at 1.) The court transcript that Petitioner attaches as "Exhibit A" to his Objections is a truncated transcript where the words "double jeopardy" are mentioned, before the issue is dismissed by the judge. (Dkt. No. 18 at 8.) While Petitioner relies on a passing reference to the concept of double jeopardy by the trial court judge, Petitioner fails to note that the Washington

Court of Appeals has rejected Petitioner's double jeopardy argument multiple times. (SCR, Exhs. 14, 19, 24, 28; Cause Nos. 63995-1-I, 64230-8-I, 64295-2-I, 64495-5-I.)

II. Concurrent/Consecutive Sentences

Petitioner also fails to identify a Constitutional violation that has arisen because some of his sentences are running consecutively, not concurrently. First, a review of the record does not reveal any anomalies with regard to how Petitioner is serving his sentence. Mr. Krona's sentence for his two felony DUIs explicitly states that the two sentences, for 42 months and 60 months, are "to run concurrently with one another but consecutive to any other matters." (Cause No. 08-1-02882-2, Criminal Sentencing/CSV Minute Entry.) Petitioner's claims regarding the determination that his felony sentence should be served consecutively to his gross misdemeanor sentences also fails. "Concurrent/consecutive sentencing outside the SRA is a determination legislatively left to the trial judge." State v. Tu Nam Song, 50 Wn. App. 326, 326, 748 P.2d 273 (1988). Petitioner shows no Constitutional violation in the way his sentences were determined to run either consecutively or concurrently.

III. Certificate of Appealability

Petitioner is not entitled to a certificate of appealability because no jurist of reason could disagree with this Court's evaluation of his habeas claim on the issues of double jeopardy or consecutive/concurrent sentencing. See 28 U.S.C. § 2253(c)(3); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Petitioner also fails to address whether a COA should issue in his written Objections. (Dkt. No. 18.)

**Conclusion**

Because returning a defendant to jail on a violation of supervised release is not considered punishment for the purposes of double jeopardy and because Petitioner does not show any Constitutional errors with regard to his consecutive sentences, the Court DENIES

1 | Petitioner's habeas petition and DISMISSES this matter with prejudice. Because no jurist of
2 | reason could disagree with this Court's evaluation, the Court also DENIES issuance of a
3 | certificate of appealability.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 21st day of February, 2012.

Marsha J. Pechman
United States District Judge